UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-161-JBC

JIMMY D. PATRICK,                                                               PLAINTIFF,

V.                        MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                 DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB"). (DE 10, 13) The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

1

adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id*. Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe;" at step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

At the time of the alleged disability onset date, the plaintiff was a thirty-four-year-old male with four or more years of college education. AR 77. He alleges disability beginning on January 7, 2005, due to back pain from an automobile

accident, hip pain, nervousness, depression, anxiety, trouble sleeping, and trouble in crowds. AR 71-2. The plaintiff filed his claim for DIB on March 21, 2005, which was denied initially and on reconsideration. AR 36, 40. After a hearing held on October 10, 2006, Administrative Law Judge Andrew J. Chwalibog determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 17. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. AR 19. At Step 2, the ALJ found that the plaintiff had a severe impairment of low back pain. AR 19. The ALJ considered an additional impairment of depression but found it to be less than severe. AR 19. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. AR 21. At Step 4, the ALJ determined that the claimant was capable of performing past relevant work as a lab technician. AR 22. This work does not require performance of activities precluded by the claimant's residual functional capacity ("RFC"). AR 22.

### III. Legal Analysis

Plaintiff argues that the ALJ erred by not indicating in his decision that he considered the third-party function report of Plaintiff's spouse. Plaintiff contends that the statements from his spouse corroborate his testimony as to the severity of his impairment and that not including them in the ALJ's decision violates 20 C.F.R. § 404.1513(d)(4) (2000) and constitutes reversible error. Plaintiff argues that, after the revision of 20 C.F.R. § 404.1513(e)(2) (1800) in 2000, which resulted in

3

20 C.F.R. § 404.1513(d)(4), the ALJ is now required to "include a clearer statement about the consideration of evidence from sources other than 'acceptable medical sources.'"[1]  (DE 10, at 4)

Other claimants have also argued that an ALJ must state in his decision what credibility and weight he afforded to third-party statements.  In *Dunlap v. Barnhart*, 2004 WL 784837, at *10 (W.D. Tenn.), the claimant argued that the ALJ did not take into consideration statements made by lay witnesses.  The ALJ's decision did not specifically indicate what weight was given to the lay witness's statements.  *Id*.  *Dunlap* noted that, in the Sixth Circuit, "perceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians."  *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983).  However, even though an ALJ must consider the lay testimony, he is not required to spell out in his decision what weight he gave to the testimony.  *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988).  Even though the *Dunlap* ALJ did not discuss the written statements of the lay witnesses, he did state that he "carefully considered all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented."  *Dunlap*, 2004 WL 784837, at *10.  Plaintiff contends that the court in *Dunlap* did not discuss the 2000 clarification to the regulations.

*Dunlap* is factually similar to *Higgs*.  In *Higgs*, the Sixth Circuit found:

---

[1] 20 C.F.R. § 404.1513(e)(2) was changed in 2000 to 20 C.F.R. §404.1513(d)(4).

> Mrs. Higgs also argues that the Appeals Council erred by failing to spell out in its opinion the weight it attached to her and her husband's testimony. We agree that the Council should have been more thorough and articulate in its decision. However, the Council's opinion states that it "considered the entire record which was before the administrative law judge, including the testimony at the hearing." The Council's lengthy discussion of the medical evidence makes it clear that it did not credit any testimony at variance with the objective record. That the Council did not explicitly say it would not accept hearing testimony at face value is not reversible error under the circumstances of this case. Mrs. Higgs received a full and fair explanation of the grounds for denial of her application. *Gooch v. Sec'y of Health & Human Serv.*, 833 F.2d 589, 591-92 (6th Cir. 1987) (per curiam), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988); *Townsend v. Sec'y of Health & Human Serv.*, 762 F.2d 40, 44 (6th Cir. 1985).

880 F.2d at 864. Similarly, the ALJ in this case made a similar statement by saying, "after careful consideration of all the evidence." AR. 17. In his decision, the ALJ discussed all the medical records he considered and paid particular attention to Plaintiff's consultative exam. AR. 22. The ALJ considered the entire record and was not required to specifically address the third-party function report of Plaintiff's wife. Therefore, in this case, using the *Higgs* rationale is appropriate and the ALJ was not required to discuss why the medical evidence in the record did not support Plaintiff's wife's statements.

Plaintiff relies on 20 C.F.R. § 404.1513(d)(4) for his argument that the ALJ was required to consider and discuss in his decision the statements made by Plaintiff's wife. Plaintiff further contends that these new changes in 2000 invalidate *Higgs*, which was decided in 1988. 20 C.F.R. § 404.1513(d)(4) states

5

>   (d) Other sources.  In addition to evidence from the acceptable medical
>   sources listed in paragraph (a) of this section, we may also use
>   evidence from other sources to show the severity of your
>   impairment(s) and how it affects your ability to work.  Other sources
>   include, but are not limited to . . .
>   (4) Other non-medical sources (for example, spouses, parents and
>   other caregivers, siblings, other relatives, friends, neighbors, and
>   clergy).

This regulation, 20 C.F.R. § 404.1513(d)(4), merely states that the ALJ *may* use evidence from "[o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)" to determine the severity of the impairment.  This provision enables a claimant to present ample evidence to support his contention that he is are disabled.  However, as stated by the Commissioner, the regulation does not indicate that the ALJ *must* state in his decision what credibility and weight he gave to Plaintiff's wife's statements.  (DE 13, at 6-8)  The previous regulation in place when *Higgs* was decided was not mandatory; it merely stated, "information from other sources may also help us to understand how your impairment affects your ability to work."  20 C.F.R. § 404.1513(e).  According to 65 Federal Register 34,950 (June 1, 2000), this regulation was modified to give some guidance as to what other sources a claimant could use.  20 C.F.R. § 404.1513(d)(4) did not alter the meaning of 20 C.F.R. § 404.1513(e), it merely clarified what "information from other sources" meant.  If this new regulation was intended to require an ALJ to articulate reasons for rejecting lay witness testimony it would have been phrased like 20 C.F.R. § 404.1527(d)(2) (2007), which requires an ALJ to indicate specific reasons for

6

rejecting the opinion of a treating physician. Therefore, 20 C.F.R. § 404.1513(d)(4) does not require an ALJ to specifically address why he rejected lay testimony and does not invalidate *Higgs*.

Finally, Plaintiff's wife's statements in the third-party function report mirror statements made by Plaintiff except for one minor difference. AR 102. This difference is that Plaintiff's wife's statements include the language "when his back goes completely out." AR 102. In his decision, the ALJ specifically addressed the medical and other evidence and found that Plaintiff's subjective complaints were not credible. AR 22. According to Plaintiff's wife's statements, when Plaintiff's back goes completely out, Plaintiff is physically unable to clothe, bathe, eat, or get out of bed without assistance. (DE 10, at 2). These statements are contradicted by the reports of treating physicians. AR 22. For example, physical therapy records show that physical therapy enabled Plaintiff "to get around better with treatment and he (Plaintiff) reported no new complaints in March 2005." AR 209. Plaintiff's own consultative exam contradicts Plaintiff's subjective complaints. AR. 224-28. "He [Plaintiff] reported that he is able to take care of his personal needs, plays video games, visits with family/friends, takes out the garbage, drives, reads books, and takes care of the finances. AR. 224-28. According to this medical and other evidence both Plaintiff's and Plaintiff's wife's statements are not fully supported by the treating physicians. In his decision, the ALJ clearly addressed why he determined Plaintiff was not credible. Because Plaintiff's wife's statements

essentially mirrored Plaintiff's statements, the ALJ was under no obligation to explain what weight he accorded to Plaintiff's wife's statements.

The fact that the ALJ did not specifically address reasons for rejecting Plaintiff's wife's statements is not reversible error.  20 C.F.R. § 404.1513(d)(4) does not require the ALJ to address third-party statements that are not supported by the reports of treating physicians.  The ALJ gave a full and fair explanation of the grounds for denial of Plaintiff's application.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

Signed on  August 19, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY